UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAMILGLIA FATTA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:18-CV-1147 |
| | § | |
| OCWEN LOAN SERVICING, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Pending before the Court is the defendants', Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for EquiFirst Loan Securitization Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("Deutsche Bank') (collectively, the "defendants"), motion for summary judgment. (Dkt. No. 12). The plaintiff, Familglia Fatta, LLC (the "plaintiff"), has failed to file a response to the defendants' motion for summary judgment and the time for doing so has long elapsed. Accordingly, pursuant to S.D. Tex. L.R. 7.4, the plaintiff's "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After having carefully considered the motion, the pleadings, the record and the applicable law, the Court determines that the defendants' motion for summary judgment should be **GRANTED**.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On February 28, 2007, Yudiria Fajardo executed a promissory note (the "Note") in the amount of $102,400.00 in favor of EquiFirst Corporation ("EquiFirst"), in addition to a Deed of Trust granting a first lien security interest in the real property located at 3915 Brightwood Drive,

Houston, Texas 77068 (the "Property"). The Deed of Trust expressly authorizes Mortgage Electronic Registration Systems, Inc. ("MERS") to act as the beneficiary, as nominee for EquiFirst, its successors and assigns. The Deed of Trust also states that MERS has the right to exercise any and all rights of interests granted by the borrower and authorizes it "to foreclose and sell the Property; and to take any action required of [the] Lender." (Dkt. No. 12, Ex. A-2.)

On or about July 20, 2011, MERS assigned its beneficial interest in the Deed of Trust to Deutsche Bank pursuant to a Transfer of Lien executed on July 20, 2011 and filed in the real property records of Harris County, Texas on September 1, 2011. Deutsche Bank is the current owner and holder of the Note, with Ocwen designated as its servicer.

On March 11, 2013, the 55th Judicial District Court of Harris County, Texas (the "state court") entered a Final Default Judgment in favor of OCV Community Association, Inc., the original borrower's homeowner's association, granting it the right to foreclose on the Property. (Dkt. No. 12, Ex. B). On October 31, 2013, the state court issued an Execution and Order of Sale directing the constable to sell the Property at public auction. (Dkt. No. 12, Ex. C). On January 7, 2014, the Property was sold at a constable's sale to Nicobar, Inc. Nicobar subsequently conveyed its interest in the Property to the plaintiff.

On August 14, 2017, the defendants issued a Notice of Acceleration of Loan Maturity to the original borrower, Yudiria Fajardo, via certified mail. The notice informed the borrower that the Property would be set for foreclosure sale on Tuesday, September 5, 2017 at 1:00 p.m. at the Harris County Courthouse. (Dkt. No. 12, Ex. A-4).

On March 5, 2018, the plaintiff initiated the instant action in the 61st Judicial District Court of Harris County, Texas seeking to challenge the defendants' foreclosure of the Property and requesting a temporary restraining order and injunction enjoining them from interfering with

his possession of the Property. On March 5, 2018, the state court granted the plaintiff a temporary restraining order enjoining the defendants' foreclosure efforts.

The defendants, thereafter, removed the case to this Court on the basis of diversity jurisdiction. They now move for a summary judgment on the plaintiff's claims.

**III.    SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may

not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV. ANALYSIS AND DISCUSSION

### A. The Plaintiff's Claim to Quiet Title

As a threshold matter, the defendants move for a summary judgment on the plaintiff's claim to quiet title. A claim to remove cloud from title also referred to as a suit to clear or quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.' " *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.-Waco 1980, writ ref'd. n.r.e.) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (Tex. 1886)). Such an action "relies on the invalidity of the defendant's claim to the property." *Morlock*, 2013 WL 2422778, at *1 (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.-Houston [1st Dist.] 2012, pet. denied)). As a consequence, "the plaintiff has the burden of supplying the proof necessary to establish [its]

superior equity and right to relief." *Essex Crane*, 371 S.W.3d at 388 (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009, pet. denied)).

In order to prevail on a claim to remove cloud from title or to quiet title, a plaintiff is required to demonstrate that: (1) it has an interest in the property; (2) title to the property is impaired by the defendants' claim; and (3) the defendants' claim, while facially valid, is unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012). "To quiet title in [its] favor, [a] plaintiff 'must allege right, title, or ownership in [itself] with sufficient certainty to enable the court to see [it] has a right of ownership that will warrant judicial interference.'" *Wells v. BAC Home Loans Servicing, L.P.*, No. W–10–CA–00350, 2011 WL 2163987, at *4 (W.D. Tex. April 26, 2011) (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.- Beaumont 2000, pet. denied)). "In other words, the plaintiff must recover on the strength of [its] title, not the weakness of [its] adversary's [title]." *Wells*, 2011 WL 2163987, at *4 (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.)).

Here, the plaintiff's claim to remove cloud from title or to quiet title fails to allege any facts establishing the superiority of its title in relation to the defendants' Deed of Trust. In fact, the plaintiff neither contests the validity of the Deed of Trust nor suggests that its *own* interest is superior to the Deed of Trust. Instead, it merely attempts to challenge the validity of the defendants' claim to title by alleging, albeit in conclusory fashion, that: (1) it is the "undisputed owner" of the property and entitled to possession; and (2) the defendants purport to have an

adverse interest in or security lien on the property that operates as a cloud on its title."[1] (*See* Dkt. No. 1, Ex. A, ¶¶17 – 19.). Because the plaintiff, in its Original Petition, does not dispute the Deed of Trust's validity or otherwise claim title superior to that of the defendants, it has failed to demonstrate a genuine issue of material fact that its title to the Property is superior to that of the defendants. Therefore, the defendants are entitled to judgment as a matter of law on the plaintiff's claim to remove cloud from title or to quiet title. *See Fricks*, 45 S.W.3d at 327.

### B. The Plaintiff's Claim that the Statute of Limitations Bars Any Power of Sale

Next, the defendants move for a summary judgment on the plaintiff's declaratory judgment claim that the applicable four-year statute of limitations bars the defendants from foreclosing on the Property. (*See* Dkt. No. 1, Ex. A, ¶¶20 – 24.). Specifically, the plaintiff asserts that the defendants' right to foreclose on the Property has expired because the loan was accelerated and the Property was foreclosed on more than four years ago, on January 7, 2014. (Dkt. No. 1, Ex. A, ¶¶17 – 19.). The defendants, in opposition, aver that the plaintiff lacks standing[2] to assert a limitations defense because it is not a party to or a third-party beneficiary of any of the contracts at issue. (*See* Dkt. No. 12 at 9). They further argue that, even assuming the plaintiff has standing, the plaintiff appears to confound the foreclosure and acceleration of the

---

[1] The plaintiff's claim of lack of statutory notice here is of no moment as Texas law imposes no such requirement under the circumstances. It is well-established under Texas law that "[t]here is no requirement that personal notice be given to persons who were not parties to the deed of trust." *Am. Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975). This principle applies even when the mortgagee knows of an intervening purchaser. *See Rodriguez v. Ocwen Loan Servicing, LLC*, No. 08-20128, 2009 WL 101941, *2 (5th Cir. Jan. 14, 2009) (quoting *Casstevens v. Smith*, 269 S.W.3d 222, 229 - 30 (Tex. App.—Texarkana 2008, no pet. h.) (finding that notice of foreclosure proceedings must be given "to the parties named on the requisite documents as the debtors and not to other parties, *known* or *unknown*").

[2] Pursuant to Texas law, "[W]hen [a] third party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale." *Reeves v. Wells Fargo Home Mortg.*, 544 Fed. Appx. 564, 568 (5th Cir. 2013) (citing *Goswami v. Metro Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988)).

HOA's second lien with their first lien, which, in accordance with evidence contained in the record, was not accelerated until August 14, 2017. (*See* Dkt. No. 12, Ex. A-4).

This Court finds the defendants' latter argument dispositive here. Under Texas law, a lienholder must foreclose on a real property lien "not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b) ("[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues."); *Clawson v. GMAC Mortg., LLC f/k/a GMAC Mortg. Corp.*, Civil Action No. 3:12–CV–00212, 2013 WL 1948128, at *2 (S.D. Tex. May 9, 2013.). Section 16.035(d) of the Tex. Civ. Prac. & Rem. Code provides that "[o]n the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035(d). When, such as here, a note is payable in installments and otherwise secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last . . . installment." Tex. Civ. Prac. & Rem. Code § 16.035(e); *see also Callan v. Deutsche Bank Trust Co. Ams.*, 11 F. Supp.3d 761, 767 (S.D. Tex. 2014). Further, where the note or deed of trust contains an optional acceleration clause, the statute of limitations begins to accrue "when the holder actually exercises its option to accelerate." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). Acceleration requires a "clear and unambiguous . . . (1) notice of intent to accelerate and (2) notice of acceleration." *Holy Cross*, 44 S.W.3d at 566.

In this case, the summary judgment evidence establishes that although the default and foreclosure of the HOA's second lien constituted an event of default under the Deed of Trust, the defendants chose not to exercise their option to accelerate at that time. Instead, the defendants

declared their intent to accelerate the Note on August 14, 2017, pursuant to a Notice of Acceleration of Loan Maturity, sent to the original borrower, via certified mail. The notice informed the borrower that the Property was set for foreclosure sale on Tuesday, September 5, 2017 at 1:00 p.m. at the Harris County Courthouse. (Dkt. No. 12, Ex. A-4). Since the defendants did not manifest their intent to accelerate the Note until August 14, 2017, and the plaintiff has failed to raise a genuine issue of material fact concerning any other purported acceleration of the Note by the defendants, the foreclosure sale set for September 5, 2017 was well within the four-year limitations period. Therefore, the defendants are entitled to a judgment as a matter of law on the plaintiff's claim that the statute of limitations bars any power of sale.

### C. The Plaintiff's Claims for Declaratory and Injunctive Relief

The defendants also move for a summary judgment on the plaintiff's claims for declaratory relief for procedural defects and injunctive relief restraining them from interfering with the plaintiff's rights to possession of the Property. (*See* Dkt. No. 1 at 11- 12.). Both declaratory and injunctive relief, however, are forms of relief grounded on underlying claims. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) (reasoning that declaratory relief is a procedural device and does not establish any substantive rights or causes of action); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."). Since this Court has determined that the plaintiff's substantive claims for relief fail, the plaintiff's claims for declaratory and injunctive relief likewise fail. As such, the defendants are entitled to judgment as a matter of law on these claims.

### D. The Plaintiff's Claim for Equitable Redemption

The defendants further maintain that they are entitled to a summary judgment on the plaintiff's alternative claim for equitable redemption. "The doctrine of equitable redemption allows a lienholder 'a reasonable time to cure default and require a reconveyance of the mortgaged property.'" *Hockessin Holdings, Inc. v. Ocwen Loan Servicing, LLC*, CV. No. 5:15-CV-1103-DAE, 2016 WL 247727, at *6 (W.D. Tex. Jan. 19, 2016) (quoting *Elbar Invs., Inc. v. Wilkinson*, No. 14-99-00297-CV, 2003 WL 22176624, at * 3 (Tex. App.—Houston [14th Dist.] Sept. 3, 2003, pet. denied)). In order to prevail on a claim for equitable redemption, a plaintiff must demonstrate: "(1) an equitable or legal right to the property; (2) based on that right, a loss would occur from a foreclosure; and (3) a readiness, ability, and willingness to redeem the property in controversy by paying off the amount of valid and subsisting liens to which the property is subject." *Basil Tr. v. Wells Fargo Bank N.A.*, No. 5:15-CV-328-DAE, 2016 WL 11578525, at *2–3 (W.D. Tex. May 13, 2016) (citing *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ)). To establish that a party is ready, willing, and able to redeem, the party seeking to redeem a property must demonstrate that it tendered money in the redemption amount. *See Owens v. Bank of Am., NA*, No. H-11-2552, 2012 WL 912721, at * 3 - 4 (S.D. Tex. Mar. 16, 2012).

The record in this case is devoid of any evidence that the plaintiff either attempted or is otherwise ready, willing, and able to redeem the Property by paying off the full amount of Deutsche Bank's lien on the Property. Because the plaintiff has failed to proffer any competent summary judgment evidence to establish the contrary, the defendants are entitled to a summary judgment on the plaintiff's claim for an equitable right of redemption.

### E. The Plaintiff's Claim for Attorneys' Fees

Lastly, the plaintiff alleges that it is entitled to recover reasonable attorneys' fees pursuant to Texas Civil Practice & Remedies Code § 37.009. The defendants move for judgment as a matter of law on the plaintiff's attorney's fee claim. Tex. Civ. Prac. & Rem. Code § 37.009 expressly provides that a "court may award costs and reasonable and necessary attorney's fees as are equitable and just," for any action brought under the Texas Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem. Code § 37.009.

Because the plaintiff's requests for declaratory and injunctive relief fail and the Fifth Circuit has held that under *Erie* principles the Texas Declaratory Judgment Act is procedural and does not apply in federal proceedings, the plaintiff is not entitled to recover attorney's fees. *See Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 413 (5th Cir. 2006); *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). Accordingly, the defendants are entitled to judgment as a matter of law on the plaintiff's attorney's fee claim.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 19th day of August, 2019.

                                              Kenneth M. Hoyt
                                              United States District Judge